IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:05cv412-MEF |
| | ) | (CR. NO. 2:97cr81) |
| ANTONIO ARNEZ EASTERLY | ) | (WO) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Antonio Arnez Easterly ("Easterly") was convicted in this court of two counts of armed bank robbery and two counts of carrying a firearm during and in relation to those robberies in violation of 18 U.S.C. § 2113(a) and (d) and § 924(c)(1).  On October 16, 1997, he was sentenced to a total term of imprisonment of 456 months.[1]  Easterly appealed his conviction and sentences.  On March 11, 1999, the Eleventh Circuit Court of Appeals affirmed his conviction.  *See United States v. Easterly*, 176 F.3d 492 (11th Cir. March 11, 1999) (Table, No. 97-6819).  Easterly did not petition the United States Supreme Court for certiorari.

On May 3, 2005, Easterly filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  In his motion, Easterly asserts that he is actually innocent and that he is entitled to relief in light of *Blakely v. Washington*, 542 U.S. 296 (2004).  On June 22, 2005, the United States filed an answer in which it argues that the motion to vacate filed by Easterly is barred by the one year period of limitation applicable to motions filed under 28 U.S.C. § 2255.  *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act

---

[1]  Easterly was sentenced to 96 months imprisonment on the two bank robbery counts to run concurrently, and to consecutive terms of 120 months on the first firearms count and 240 months on the second firearms.

("AEDPA").[2]  The United States correctly contends that because Easterly did not file a petition for certiorari with the United States Supreme Court, his conviction became final for purposes of 28 U.S.C. § 2255 upon the expiration of the 90-day period for seeking certiorari review.  *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).  Easterly's conviction and sentence, therefore, became final on June 9, 1999, 90 days after entry of the appellate court's judgment affirming his sentence.  Thus, Easterly had one year – until June 9, 2000 – to file a timely § 2255 motion.  Consequently, the United States asserts that Easterly's § 2255 motion is untimely as it was not filed within a year of June 9, 2000.  The defendant was afforded an opportunity to respond to the government's pleadings and he has done so.  After due consideration and upon review of the motion, the pleadings and the record, the court concludes that an evidentiary hearing is not required and, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Macon's motion should be denied.

## DISCUSSION

28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2]  "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255."  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  This section became effective on April 24, 1996.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

By operation of law, Easterly's conviction became final on June 9, 1999, upon expiration of the 90 day period to file a petition for certiorari with the United States Supreme Court.  Thus, Easterly had until June 9, 2000, to file his § 2255 motion.  The motion in this case was filed on May 3, 2005, well beyond the one year statute of limitations period.

It does not appear that any of § 2255's exceptions to application of the limitation period are applicable in this case.  Although Easterly contends in his motion that his *Blakely* claim qualifies as a "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the Eleventh Circuit has held that *Blakely* is not retroactive to collateral proceedings.  *See In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004); *Saunders v. United States*., slip opinion, 2006 WL 82926, *1 (11th Cir. Jan. 12, 2006) (No. 8:00-CR-164-T-17TGW).  In addition, the government has not prevented Easterly from filing an earlier motion nor has he submitted any grounds for relief that could not have been asserted earlier with the exercise of due diligence.  Consequently, the court finds that the one-year period of limitation under 28 U.S.C. § 2255 expired prior to Easterly filing his motion to vacate.

Although the Eleventh Circuit has determined that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence[,]" there is nothing before this court to

3

indicate the existence of "extraordinary circumstances" that warrant an equitable tolling of the one-year period of limitation applicable to the claim raised in the instant § 2255 motion. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

On December 29, 2005, Easterly filed a response to the government's answer to his § 2255 motion in which he alleges that he is actually innocent of the bank robberies because he was physically unable to perform action as described by witnesses at trial. Specifically, Easterly contends that he was unable to stand erect as he was recovering from a gun shot wound. Easterly argues that the government "does not offer any facts to dispute [his] assertion that he was physically unable to accomplish a robbery." *See* Doc. # 9 at 3.

Easterly's argument that the limitation period should not bar his claim because he is actually innocent is unavailing. The "actual innocence" standard is set forth in *Schlup v. Delo,* 513 U.S. 298, 314 (1995), and is linked to a "fundamental miscarriage of justice" analysis. *Id.* at 315. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted or barred. *Id.* This miscarriage of justice exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup, supra*. Easterly has failed to make the requisite showing which could satisfy the standard set forth in *Schlup*. It is Easterly's burden to "support his allegations . . . with new reliable evidence, such as exculpatory scientific evidence, that was not presented at trial." *Johnson v. Nagle*, 158 Fed. Appx. 251, 256 (11th Cir. Dec. 12, 2005) (No. 05-13060).

4

> To make a showing of actual innocence, the petitioner must establish that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Sibley v. Culliver*, 377 F.3d 1196, 1205 (11th Cir. 2004). "To meet this standard, a petitioner must demonstrate that it is more likely than not that no reasonable juror would have convicted him of the underlying offense." *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (quotations omitted); *see also Sibley*, 377 F.3d at 1205. To accomplish this, the petitioner must offer reliable evidence that was not presented at trial. *Johnson*, 256 F.3d at 1171.

*Johnson v. Hooks*, 138 Fed. Appx. 207, 208 (11th Cir. 2005). Easterly presents no facts, other than his own conclusory statements, to support of his claim of actual innocence. He points to no fact in the record, nor has he submitted any evidence, to support his assertion of innocence. Easterly's "actual innocence claim is hindered at the onset by a fatal shortcoming – he has not presented any actual evidence." *See Sibley v. Culliver*, 377 F.3d 1196, 1206 (11th Cir. 2004). Easterly must make a threshold showing which he has failed to do. Mere conclusory allegations are insufficient to support a claim of actual innocence.

On January 3, 2006, the court ordered Easterly to show cause why his motion should not be dismissed pursuant to 28 U.S.C. § 2255 for failure to file his motion within the applicable one-year limitation period. He has filed nothing in response to the court's order. Consequently, the court concludes that there is nothing before this court to indicate the existence of "extraordinary circumstances" which warrant an equitable tolling of the limitation period until the date on which Easterly filed his § 2255 motion.

The court further concludes that the one-year period of limitation contained in 28 U.S.C. § 2255 expired prior to Easterly filing his motion to vacate and, thus, his motion is time-barred; this court may not address the merits. Finally, the court further concludes that

Easterly has failed to show sufficient cause to excuse his failure to file within the statutory period.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for relief pursuant to 28 U.S.C. § 2255 be denied and that this case be dismissed.  It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the defendant.  It is further

ORDERED that the parties shall file any objections to the this Recommendation on or before **May 1, 2006.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 17th day of April, 2006.

　　　　　　　　　／s/Charles S. Coody
　　　　　　　　CHARLES S. COODY
　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE